

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID RUSSELL,                        §
                                      §
            Petitioner,               §
                                      §
v.                                    §        No. 4:15-CV-067-A
                                      §
WILLIAM STEPHENS, Director,           §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
            Respondent.               §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, David Russell, a state

prisoner incarcerated in the Correctional Institutions Division

of the Texas Department of Criminal Justice (TDCJ) against

William Stephens, Director of TDCJ, respondent. After having

considered the pleadings, state court records, and relief sought

by petitioner, the court has concluded that the petition should

be dismissed as time-barred.

### I. Factual and Procedural History

On December 12, 2002, in Tarrant County, Texas, pursuant to

plea bargain agreements, petitioner pleaded guilty to two counts

of indecency with a child in Case No. 0747847D and two counts of

indecency with a child in Case No. 0750351D, and was placed on ten years' deferred adjudication community supervision. Adm. R., Clerk's R. 158, ECF No. 12-9 & Clerk's R. 166, ECF No. 12-10. Among other conditions of his community supervision, petitioner was required to comply with the Texas sex-offender registration requirements. Petitioner did not appeal the nonadjudication judgments; therefore, the judgments became final under state law thirty-two days later on Monday, January 13, 2003.[1] TEX. R. APP. P. 26.2(a)(1); *Manuel v. Texas*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). The state later moved to adjudicate petitioner's guilt in both cases, alleging various violations of his community supervision. Adm. R., Clerk's R. 187, 191, ECF No. 12-9 & Clerk's R. 172, 177, ECF No. 12-10. On April 1, 2010, the trial court adjudicated petitioner's guilt on all four counts on his pleas of true and sentenced him to fifteen years' confinement for each count. *Id.*, Clerk's R. 201, ECF No. 12-9 & Clerk's R. 186, ECF No. 12-10. Petitioner appealed the adjudication judgments, but the Second District Court of Appeals of Texas affirmed the judgments on April 7, 2011. *Id.*, Op., ECF No. 12-7. Petitioner did not file a petition(s) for discretionary review in

---

[1]January 11, 2003, fell on a Saturday.

2

the Texas Court of Criminal Appeals. Therefore, the judgments became final thirty-two days later on Monday, May 9, 2011. TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner also filed four state habeas applications challenging his original guilty pleas and/or the adjudication proceedings. The first two, filed on March 27, 2012,[2] were denied by the Texas Court of Criminal Appeals on May 30, 2012, without written order on the findings of the trial court. Adm. R., Writs, WR-77,632-01 & -02, cover & 13, ECF Nos. 12-16 & 12-20. The third and fourth were filed on September 25, 2013, and dismissed on December 18, 2013, as subsequent applications under article 11.07, § (4) of the Texas Code of Criminal Procedure. *Id.*, Writs, WR-77,632-03 & -04, cover & 13, ECF Nos. 13-4 & 13-7. This federal petition was filed on January 14, 2015.[3]

## II. Issues

In two grounds, petitioner asserts that he received

---

[2]Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not provide the date petitioner placed the documents in the prison mailing system, however the "Inmate's Declaration" on page 12 of the applications reflects the date the applications were signed by petitioner. For purposes of this opinion, petitioner's state habeas applications are deemed filed on those dates.

[3]Similarly, petitioner's federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

ineffective assistance of counsel in the plea-bargaining process during the adjudication proceedings because counsel erroneously advised him to decline a 9-year plea offer and that the trial court's 15-year sentences are contrary to the Supreme Court's decision in *Lafler v. Cooper,* 132 S. Ct. 1376 (2012),[4] decided on March 21, 2012. Pet. 6, ECF No. 1. He seeks resentencing according to the plea offer or immediate release. *Id.* at 7.

### III.  Statute of Limitations

Respondent contends the petition is untimely. Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

---

[4]*Lafler* held that where counsel's ineffective advice leads to rejection of a plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

132 S. Ct. at 1385.

4

      (A) the date on which the judgment became
final by the conclusion of direct review or the
expiration of the time for seeking such review;

      (B) the date on which the impediment to
filing an application created by State action in
violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

      (C) the date on which the constitutional
right asserted was initially recognized by the
Supreme Court, if that right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

      (D) the date on which the factual predicate
of the claim or claims presented could have been
discovered through the exercise of due diligence.

  (2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

    Typically, with the limited exceptions under subsections (B)

through (D), the limitations period begins to run from "the date

on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review"

under subsection (A). Without citing to any specific exception,

petitioner argues that he did not learn of the Supreme Court's

decision in *Lafler* until September 2013. His argument could

implicate the statutory exceptions under subsections (C) or (D).
However, the Supreme Court has not held that *Lafler* recognizes a
new right that is retroactively applicable on collateral review.
*In re King*, 697 F.3d 1189 (2012). Nor can the Supreme Court's
decision serve as the factual, as opposed to the legal, predicate
for his claims within the meaning of subsection (D). *Lo v.
Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007), *cert. denied*, 552
U.S. 1249 (2008); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th
Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006). Any conclusion to
the contrary would emasculate the statute's scheme to promote
finality and render subsection (C) meaningless. *Lo*, 506 F.3d at
575-76; *Shannon*, 410 F.3d at 1088.

Instead, under subsection (A), applicable to this case, the
limitations period began to run from "the date on which the
judgment[s] became final by the conclusion of direct review or
the expiration of the time for seeking such review." Because the
court construes petitioner's claims to involve matters relevant
to the adjudication proceedings, the limitations period began to
run on the date on which the adjudication judgments became final
by the expiration of the time for seeking direct review on May 9,
2011, and expired one year later on May 9, 2012, absent any

6

tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statute, petitioner's first two state habeas applications filed on March 27, 2012, tolled the limitations period for 79 days, including 14 days during the pendency of his motions for rehearing, making petitioner's federal petition due on or before July 27, 2012. Adm. R., WR-77,632-01 & -02, ECF Nos. 12-15 & 12-19; *Lookingbill v. Cockrell,* 293 F.3d 931, 934 (5th Cir. 2002); *Emerson v. Johnson,* 243 F.3d 934, 935 (5th Cir. 2001). His third and fourth state applications, however, filed on September 25, 2013, after limitations had already expired, do not operate to toll the running of the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Nor has petitioner demonstrated that tolling as a matter of equity is justified. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v.*

7

*Perkins,* –U.S. –, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner attributes his delay to his illiteracy, indigence, pro se status, unfamiliarity with the law, unfulfilled requests for state court records, limited access to the prison's law library, the prison's outdated legal materials, and the theft or destruction of his legal papers. Pet'r's Resp. 1-9, ECF No. 19. However, these are common problems for inmates seeking postconviction habeas relief. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391-92 (5th Cir. 1999); *Perez v. Johnson,* No. CA-3:01-CV-0013-H, 2001 WL 804524, at *4 (N.D.Tex. July 6, 2001). Petitioner's extreme delay further mitigates against equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before July 27, 2012. His petition, filed on January 14, 2016, is, therefore, untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a

certificate of appealability be, and is hereby, denied.

SIGNED April _____ 2 8 _____, 2016.



_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE